UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KNOX, | ) | CASE NO. 1:17CV2571 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| KENNETH MILLS, | ) | |
| RESPONDENT. | ) | |

## I. INTRODUCTION

*Pro se* petitioner Michael Knox has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, naming "Kenneth Mills" as respondent (Doc. No. 1 ["Pet."].) When he filed his petition, petitioner was awaiting trial in the Cuyahoga County Court of Common Pleas on charges of rape and kidnapping in *State of Ohio v. Knox*, CR-16-611757-A. On April 16, 2018, he was tried and convicted by a jury of two counts of rape, in violation of Ohio Rev. Code § 2907.02.A(2), and two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01.A(4). Petitioner was sentenced by the state trial court on May 23, 3018. Following his sentence, petitioner filed two supplemental briefs in this action. (*See* Doc. Nos. 9, 10.)

In his federal habeas petition, petitioner indicates he is challenging his detention Cuyahoga County Jail on the basis that "they violated the time limit of IV(c) of the Interstate Agreement on Detainers" ("IAD"). (*Id.* at 2, ¶ 5.) It is not clear from the petition why exactly petitioner contends

there has been a violation of the IAD.[1]

Materials attached to the petition reveal that petitioner had to be extradited to stand trial on the charges from a correctional facility in Michigan pursuant to an extradition warrant issued in August 2017. (*See* Doc. No. 1-8.) The state-court docket further indicates petitioner was taken into custody in connection with the case on October 25, 2017. A trial date of January 29, 2018 was original set, but the date was continued on multiple of occasions at the request of petitioner's counsel, before he was eventually tried and convicted on April 16, 2018.

## II. DISCUSSION

A district court must conduct an initial review of *habeas corpus* petitions. *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts (applicable to §2241 petitions pursuant to Rule 1(b)).

Upon review, the court finds the petition must be dismissed.

The IAD was designed to facilitate the disposition of charges in one jurisdiction when the accused is incarcerated in another jurisdiction. As the Sixth Circuit has summarized, Article IV of the IAD:

> provides the means by which a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence for disposition of the outstanding charges. Once he has filed a detainer against the prisoner, the prosecutor can have him made available by presenting to the officials of the State in which the prisoner is incarcerated "a written request for temporary custody or availability . . . ."19 Art. IV(a).

---

[1] Petitioner's motion to proceed *in forma pauperis* (ECF No. 3) is moot as he has paid the filing fee.

2

> Two important limitations, previously referred to, are placed on a prosecuting authority once it has obtained the presence of a prisoner pursuant to Art. IV. Article IV(c) states that
>
> "(i)n respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

*Stroble v. Anderson*, 587 F.2d 830, 837 (6th Cir.1978) (internal quotation marks omitted.)

Accordingly, in order to comply with Article IV(c) of IAD, the Cuyahoga County Prosecutor was required to bring petitioner to trial within 120 days from petitioner's arrival in the State, subject to tolling for any reasonable continuance granted for good cause shown. It is apparent from the state-court docket that no violation of Article IV(c) occurred. The continuances granted in the state case at the request of petitioner's counsel warranted tolling of the 120-day period. After these continuances are considered, it is clear that petitioner was brought to trial well within the 120 days of petitioner's arrival in the state on the extradition warrant. Accordingly, there is no basis for granting *habeas corpus* relief as sought in the petition.

## III.   CONCLUSION

For the reasons stated above, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealabitity. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated: July 31, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**